**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

CIVIL ACTION NO. 25-101-DLB

CARL G. NETTLES                                                                                               PETITIONER

v.                         **MEMORANDUM OPINION AND ORDER**

CHRISTOPHER ENTZEL, WARDEN                                                            RESPONDENT

*** *** *** ***

Federal inmate Carl Nettles has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* (Doc. # 1). Nettles challenges the Bureau of Prisons' determination that he is ineligible to receive sentence credits under the First Step Act of 2018 ("FSA"). *See* (Doc. # 1-1). The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).[1]

In July 2018, Nettles agreed to plead guilty to conspiracy to knowingly and intentionally distribute in excess of 50 grams of actual methamphetamine in violation of 21 U.S.C. § 846 and possession of a short-barreled shotgun in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). He did so in exchange for the dismissal of a charge for being a felon in possession of a firearm in violation of 18 U.S.C.

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates the petition under a more lenient standard because Nettles is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief.") (citations and internal quotation marks omitted).

1

§ 922(g).  *United States v. Nettles*, No. 4: 17-CR-536-1 (E.D. Mo. 2017) (Doc. # 106 therein).  The trial court sentenced Nettles to sixty months imprisonment for the Section 846 offense and to a consecutive term of one hundred and twenty months imprisonment for the Section 924(c) offense.  See (Doc. # 124 therein).

The FSA permits most federal prisoners who participate in vocational classes and rehabilitation programming to earn credits that shorten their sentence.  See 18 U.S.C. § 3632(d).  However, a prisoner convicted of a disqualifying offense cannot earn FSA credits.  See 18 U.S.C. § 3632(d)(4)(A).  Nettles's firearm conviction is disqualifying, *see* Section 3632(d)(4)(D)(xxii), but his drug conviction under Section 846 is not.  Because his sentence for the drug offense runs consecutively to that for his Section 924(c) conviction, Nettles argues that he should be able to earn FSA credits during that 60-month period of incarceration.  See (Doc. # 1-2 at 5).  The BOP disagreed, noting that multiple sentences "shall be treated for administrative purposes as a single, aggregate term of imprisonment."  See (Doc. # 1-2 at 4) (*quoting* 18 U.S.C. § 3584(c)).

The BOP's position is correct.  Every court to have considered the question has held that Section 3584(c)'s aggregation language requires the BOP to treat a prisoner's sentences – whether imposed concurrently or consecutively, at one time or many, by one court or by several – as a single aggregate sentence for purposes of determining sentence credits under the FSA and similar statutes.  *Cf. Sok v. Eischen*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) ("[T]he district court did not err in denying Sok's petition, as the BOP correctly treated his prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits.").  The Sixth Circuit has likewise explained:

2

> Keeling argues that aggregation under § 3584(c) "is for administrative purposes," not to prevent prisoners from earning time credits under the FSA for convictions that are not disqualifying under § 3632(d)(4)(D). But courts have consistently and correctly held that the calculation of a prisoner's sentence, and the awarding of credits that reduce the length of that sentence, "are administrative functions of the BOP subject to § 3584(c)."

*Keeling v. LeMaster*, No. 22-6126, 2023 WL 9061914 (6th Cir. Nov. 22, 2023) (cleaned up). *See also Oiler v. LeMaster*, No. 24-5033, 2025 WL 1864875, at *1 (6th Cir. Jan. 10, 2025) (same); *Giovinco v. Pullen*, 118 F.4th 527, 531 (2d Cir. 2024) (same), *cert. denied sub nom. Giovinco v. Flowers*, 145 S. Ct. 1947, 221 L. Ed. 2d 678 (2025); *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) (*per curiam*) (same); *Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *3 (5th Cir. Jan. 12, 2024) (same). Because Nettles is serving a single aggregate sentence that includes a disqualifying offense, the BOP properly determined that he is statutorily ineligible to earn FSA credits.

Accordingly, it is **ORDERED** as follows:

1. Nettles's habeas corpus petition (Doc. # 1) is **DENIED**.

2. This action is **STRICKEN** from the docket.

This 25th day of November, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Nettles 0-25-101 Memorandum.docx